Steven J. Moser (SM1133)
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY  11743
(516) 671-1150
steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE M. MANZANAREZ, individually and on behalf of all others similarly situated,

                Plaintiffs,

- against -

OMNI RECYCLING OF BABYLON, INC. and ANTHONY CORE,

                Defendants.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Case No.

Plaintiff Jose M. Manzanarez, individually and on behalf of all others similarly situated, by the Moser Law Firm, P.C., hereby files this complaint against Omni Recycling of Babylon, Inc. and Anthony Core, and alleges as follows:

## INTRODUCTION

1. In this action, Plaintiff seeks to recover,

   a. Overtime premium pay as required by the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §201 et seq. (29 U.S.C. § 207), and by the New York Labor Law (the "NYLL") Article 19, §§ 650 et seq., and the supporting New York State Codes, Rules and Regulations, 12 NYCRR § 142-2.2;

   b. Straight wages under NYLL § 191(1);

   c. Statutory damages for failure to issue hiring notices as required by NYLL § 195.

2. The first, second, and third causes of action arise from the Omni's failure to compensate employees for all hours worked as recorded by Omni and of deducting 20 minutes for an afternoon break each weekday worked.

3. The fourth cause of action arises from Omni's failure to issue wage notices within 10 days of hiring as required by NYLL § 195(1)(a).[1]

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, since such claims are so related in this action to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims in this action occurred within the Eastern District of New York.

## PARTIES

*Jose M. Manzanarez*

7. Plaintiff Jose M. Manzanarez is a natural person who resides in Nassau County, New York.

---

[1] Plaintiff commenced an action seeking spread of hours pay in the Supreme Court, Nassau County on December 4, 2020, titled *Jose M. Manzanarez v. Omni Recycling of Babylon, Inc*, Index No. 614063/2020 ("state action"). Plaintiff intends on moving to dismiss without prejudice the claims asserted in the state action and amending this complaint to include a fifth cause of action for spread of hours pay pursuant to 12 NYCRR § 142-2.4 thereafter.

*Omni Recycling of Babylon, Inc.*

8. Defendant Omni Recycling of Babylon, Inc. ("Omni") is a domestic corporation formed under the laws of the State of New York.

9. Omni is a waste management services company.

10. Omni operates a solid waste management and recycling facility located at 114 Alder Street, Babylon, New York.

11. Upon information and belief, Omni has been engaged in commerce as defined in 29 U.S.C. §§ 201 *et. seq.* during the relevant time period.

12. For each calendar year from January 1, 2018, and up to the present time, Omni's gross volume of sales made or business done was not less than $500,000.

13. Upon information and belief, Omni has been an employer within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3) during the six-year period preceding the filing of this complaint.

*Anthony Core*

14. Anthony Core is a natural person who resides in Nassau County, New York.

15. Anthony Core has been the President of Omni during the six-year period preceding the filing of this complaint.

16. Anthony Core has been a shareholder of Omni during the six-year period preceding the filing of this complaint.

17. Anthony Core was a signatory on the bank account used to pay the Plaintiff, the collective action members and the class, as hereinafter defined (collectively "Plaintiffs"), during the six-year period preceding the commencement of this action.

18. Anthony Core has in fact signed payroll checks for the Plaintiffs during the six-year period preceding the commencement of this action.

19. Upon information and belief, an employment relationship existed within the meaning of the FLSA and NYLL, between Anthony Core and the Plaintiffs, in that the Defendant Anthony Core had the power to control the Plaintiffs.

20. Anthony Core had the power to determine the pay policies and practices at Omni and policies set by Omni.

21. Anthony Core, on behalf of Omni, signed collective bargaining agreements between Waste Material, Recycling, and General Industrial Laborers' Local 108 ("Union"), and Omni which governed the terms and conditions of employment of the Plaintiffs.

22. Upon information and belief, Anthony Core exercised sufficient operational control over Omni to be deemed the Plaintiffs' employer under the FLSA and the NYLL.

**COLLECTIVE ACTION ALLEGATIONS**

23. The Plaintiff brings the FLSA claim, the First Cause of Action, on behalf of himself and all other Union members who were employed by Omni at any time during the three year period prior to the filing of this complaint and who elect to opt-in to this action (the "FLSA Collective"), pursuant to 29 U.S.C. §§ 201 *et seq*. and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

24. Through the conduct described in this Complaint, the Defendant Omni has violated the FLSA by failing to compensate the Plaintiff and the FLSA Collective, 20 minutes for each weekday worked, for an ostensible break. In addition, the Defendants have violated the FLSA by otherwise failing to compensate employees for all hours recorded as worked.

25. The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, the FLSA Collective consists of at least 100 similarly situated current and former employees of Omni who have been victims of the Defendant's common policies and practices that have violated the rights of the FLSA Collective under the FLSA by, *inter alia,* willfully denying full overtime wages.

## CLASS ACTION ALLEGATIONS

26. The Plaintiff brings the Second and Third Causes of Action under Fed. R. Civ. P 23 on behalf of himself and a class consisting of all Union members who have been employed by Omni in the State of New York at any time during the six-year period prior to the filing of this complaint and up to the date of final adjudication ("New York Class").

27. Excluded from the New York Class are Defendant Omni's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the relevant time period has had, a controlling interest in the Defendant Omni; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 New York Class.

28. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.

29. Upon information and belief, the size of the New York Class is estimated to be at least 100 workers. Although the precise number of such persons is not known to the Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants.

30. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting members of the New York Class individually and include, but are not limited to, the following:

   a. whether the defendants had a common policy of deducting 20 minutes from the compensable time for each weekday worked;

   b. whether the weekday afternoon break day constituted compensable work time;

   c. whether deducting the 20 minutes from the pay of the New York Class members constituted a failure to pay for all hours worked;

   d. whether Defendants failed and/or refused to pay the Plaintiff and the New York Class overtime pay for all hours worked in excess of 40 hours per workweek within the meaning of NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

   e. whether Defendants failed and/or refused to pay the Plaintiff and the New York Class straight wages to which they are entitled under NYLL §§ 191 and 198.

31. The claims of the Plaintiff are typical of the claims of the New York Class he seeks to represent. The Plaintiff and the class members work, or have worked, for Omni as workers in the State of New York. The Plaintiff and the class members enjoy the same statutory rights under the NYLL, to be paid overtime premiums and straight pay. The Plaintiff and the class members have all sustained similar types of damages as a result of Omni's failure to comply with the NYLL. The Plaintiff and the class members have all been injured in that he has been subject to the Defendants' uniform policies of (1) failing to compensate employees for an ostensible 20 minute break each weekday worked, and (2) otherwise failing to pay for all hours recorded as being worked.

32. The Plaintiff will fairly and adequately represent and protect the interests of the New York Class. The Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the New York Class to represent the classes' interests fairly and adequately. The Plaintiff recognizes that as class representative, he must represent and consider the interests of the New York Class just as he would represent and consider his own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interest over those of the class. The Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the class. The Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with counsel by providing information and any relevant documentary material in his possession, and testifying, if required, in a deposition and at trial. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation. There is no conflict between the Plaintiff and the class members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court. The members of the New York Class have been damaged and are entitled to recovery as a result of Omni's violations of the NYLL, as well as Omni's uniform policies, practices, and procedures. Although the relative damages suffered by the members of the New York Class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of wage and hour litigation. The class members lack the financial resources to conduct a thorough examination of the Defendant's timekeeping and

compensation practices and to prosecute vigorously a lawsuit against the Defendant to recover such damages. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

34. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

35. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) in that the questions of law or fact common to class members predominate over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

### *The Wage Notice Class*

36. The Plaintiff brings the Fourth Cause of Action under Fed. R. Civ. P 23 on behalf of himself and a class consisting of all Union members who were hired by Omni at any time during the 6 year period prior to the filing of this complaint (the "Wage Notice Class").

37. Excluded from the Wage Notice Class are Omni's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the relevant time period has had, a controlling interest in Omni; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

38. The persons in the Wage Notice Class identified above are so numerous that joinder of all members is impracticable.

39. Upon information and belief, the size of the Wage Notice Class is estimated to be at least 50 workers. Although the precise number of such persons is not known to the Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of the Defendants.

40. There are questions of law and fact common to the class that predominate over any questions solely affecting members of the Class individually and include whether the Omni issued a notice at the time of hiring complied with NYLL § 195 as amended by the Wage Theft Prevention Act.

41. The claims of the Plaintiff are typical of the claims of the Wage Notice Class he seeks to represent. The Plaintiff and the class members enjoy the same statutory rights under NYLL 195, as amended by the New York Wage Theft Prevention Act, to receive a form of notice at the time of hiring that complies with the NYLL. The Plaintiff and the class members have all sustained similar statutory damages as a result of the Defendants' failure to comply with the NYLL. The Plaintiff and the class members are all entitled to statutory damages as they have been subject to Omni's uniform policy of failing to issue wage notices that comply with NYLL section 195 as amended by the New York Wage Theft Prevention Act.

42. The Plaintiff will fairly and adequately represent and protect the interests of the Wage Notice Class. The Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Wage Notice Class to represent the classes' interests fairly and adequately. The Plaintiff recognizes that as class representative, he must represent and consider the interests of the Wage Notice Class just as he would represent and consider their own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the class. The Plaintiff recognizes

that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the class. The Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with counsel by providing information and any relevant documentary material in their possession, and testify, if required, in a deposition and at trial. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation. There is no conflict between the Plaintiff and the class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court. The members of the Wage Notice Class are entitled to recovery as a result of Defendants' violations of the NYLL, as well as the Defendants' uniform policies, practices, and procedures. The statutory damages to which the Wage Notice Class members are entitled are small compared to the expense and burden of individual prosecution of wage and hour litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

44. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(1)(B) in that prosecuting separate actions by individual class members would create a risk of adjudications with respect to class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests.

45. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) in that the questions of law or fact common to class members predominate

over any question affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## WILLFULNESS ALLEGATIONS

46. As part of its regular business practice, Defendants have willfully engaged in a pattern, practice, and/or policy of violating the FLSA and state wage and hour laws.

47. This pattern, practice, and/or policy includes willfully failing to pay its employees overtime wages, straight wages, and spread of hours pay.  Upon information and belief, Defendants were or should have been aware that its actions as described in this complaint violated both state and federal law.

48. Omni failed to keep accurate records of the hours worked by the Plaintiff.

49. Omni failed to keep accurate records of the hours worked by the FLSA Collective.

50. Omni failed to keep accurate records of the hours worked by the New York Class.

## FACTUAL ALLEGATIONS

### *Defendants' Policies*

51. During the six year period preceding the filing of this complaint, Omni had a uniform policy of deducting 20 minutes for each weekday worked by the New York Class for the purposes of taking an afternoon break.

52. Omni had a de-facto policy of otherwise failing to pay the Plaintiff, the New York Class, and the FLSA Collective for all hours worked as recorded by Omni.

53. As a result of these policies, Omni failed to pay the Plaintiff, New York Class and FLSA Collective for all compensable working hours.

54. In most instances, the failure to compensate for all compensable work hours resulted in Omni's failure to pay overtime hours worked in excess of 40 hours per week.

55. Upon information and belief, in some instances, the failure to compensate for all compensable work hours resulted in Omni's failure to pay for all straight hours worked.

56. Beginning at a time more than six years before the commencement of this action, Omni had a de-facto policy of failing to issue wage notices within ten days of the date of hire to the Wage Notice Class.

### *Plaintiff*

57. Plaintiff Jose M. Manzanarez was employed as a laborer by Omni.

58. Plaintiff Jose M. Manzanarez was employed by Omni from January 1, 2018, to August 2, 20219 and from September 24, 2019, until January 28, 2020.

59. Plaintiff Jose M. Manzanarez was a member of the Union.

60. Omni deducted 20 minutes for each weekday worked by the Plaintiff for the purpose of taking an afternoon break.

61. Omni otherwise failed and refused to pay the Plaintiff for all hours recorded as being worked.

62. As a result of the 20 minute break deduction, and the failure to pay for all hours recorded as being worked, Omni failed to pay Plaintiff for all compensable work.

63. In most instances, the failure to pay for all compensable work resulted in the failure to pay overtime wages to the Plaintiff.

64. For example, for the workweek ending June 26, 2019, the Plaintiff worked approximately 67.5 hours. During said workweek the Plaintiff worked 5 weekdays (Thursday, Friday, Monday, Tuesday and Wednesday). Omni deducted 20 minutes for each weekday, for a

total of 1 hour and 40 minutes. In addition, the Omni failed to compensate the Plaintiff for an additional 50 minutes of time recorded as being worked. This deprived the Plaintiff of 2 ½ hours of overtime compensation.

65. In some instances, the failure to pay for all compensable work resulted in the failure to pay straight wages to the Plaintiff.

66. For example, for the workweek ending January 10, 2018, the Plaintiff worked at least 29 hours. During this workweek, Omni paid the Plaintiff for 28 ½ hours of work, resulting in the failure to pay at least ½ hour of straight wages.

67. Plaintiff was not issued a wage notice within ten days of the date of his initial hiring.

68. Plaintiff was not issued a wage notice within ten days of the date of his re-hiring.

**FIRST CAUSE OF ACTION**
**Overtime Violations**
**Fair Labors Standards Act**
**29 U.S.C. §§ 201, *et. seq.*; 29 U.S.C. §§ 207(a) & 126**
**On behalf of the Plaintiff and the FLSA Collective**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendant Omni was an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

71. Defendant Anthony Core employed the Plaintiff and the members of the FLSA Collective and is jointly and severally liable with Omni for the damages sustained by the Plaintiff and the FLSA Collective.

72. At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

73. The Defendants employed the Plaintiff and the FLSA Collective as an employer.

74. At all times relevant, Plaintiff and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75. Omni failed to pay the Plaintiff and members of the FLSA Collective the overtime wages to which they are entitled under the FLSA. .

76. Omni's violations of the FLSA have been willful, in that it knew or should have known that its actions, as described herein, violated the FLSA.

77. Defendants did not make a good faith effort to comply with the FLSA with regard to overtime compensation to the Plaintiff and the members of the FLSA Collective. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-35 (1988). Therefore, a three-year statute of limitations applies. 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Violation**
**Article 19 §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.2**
**On behalf of the Plaintiff and the New York Class**

78. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

79. At all times relevant, the Plaintiff and the members of the New York Class have been employees and Defendant Omni has been the employer within the meaning of the NYLL § 190(3).

80. Defendant Anthony Core employed the Plaintiff and the members of the New York Class and is jointly and severally liable with Omni for the damages sustained by the Plaintiff and the New York Class.

81. The Plaintiff and the Class were entitled to overtime wages for hours worked in excess of 40 hours weekly under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

82. Omni failed to pay the Plaintiff and the New York Class the overtime wages to which they are entitled.

**THIRD CAUSE OF ACTION**
**Unpaid Straight Wages**
**New York Labor Law § 191**
**On behalf of the Plaintiff and the New York Class**

83. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

84. The Plaintiff and the Class are entitled to straight wages for hours worked up to 40 hours weekly under NYLL § 191.

85. Omni failed to pay the Plaintiff and the New York Class the full amount of straight wages to which they are entitled.

**FOURTH CAUSE OF ACTION**
**Wage Notice Claim**
**NYLL §§ 195(1) & 198**
**On behalf of the Plaintiff and the Wage Notice Class**

86. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

87. The Plaintiff and the members of the Wage Notice Class were hired on or after September 17, 2015.

88. Defendant Anthony Core employed the Plaintiff and the members of the Wage Notice Class and is jointly and severally liable with Omni for the damages sustained by the Plaintiff and the Wage Notice Class.

89. Omni had a de-facto policy of not issuing a wage notice within 10 days of hiring as required by NYLL § 195.

90. Omni failed to furnish a wage notice to the Plaintiff and the members of the Wage Notice Class within 10 days of hiring.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, the Plaintiff be allowed to give notice of this collective action;

B. Certification of the state law claims in this action as class actions;

C. Unpaid overtime wages under the FLSA;

D. Unpaid overtime wages under the NYLL;

E. Unpaid straight wages under the NYLL;

F. Liquidated damages under the FLSA and NYLL;

G. Statutory damages for violations of NYLL § 195(1);

H. Attorney's fees and costs of the action;

I. Pre-judgment and post-judgment interest as provided by law; and

J. Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims properly triable by a jury.

Dated: Huntington, New York
September 17, 2021

Moser Law Firm, P.C.

_____
By: Steven J. Moser
5 E. Main Street
Huntington, NY 11743
(516) 671-1150
steven.moser@moserlawfirm.com