# GOLDBERG AND WEINBERGER LLP
### Attorneys at Law

**630 Third Avenue, 18th Floor**
**New York, New York 10017**

**Lewis Goldberg (N.Y., CT. & N.J.)**  **OTHER OFFICE:**
**Stuart Weinberger (N.Y. & N.J.)**  **REDDING, CT.**

**TEL: (212) 867-9595**
**FAX: (212) 949-1857**

December 17, 2021

*Via ECF*
Honorable Joanna Seybert
United States Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    <u>Manzanarez v. Omni Recycling of Babylon, Inc. et al.</u>
                  <u>No. 21-cv-5164(JS)(ST)</u>

Dear Judge Seybert:

      My firm represents the Defendants in the above matter. Plaintiff filed a complaint in this matter on September 17, 2021 (the "Complaint"). We write pursuant to the Court's individual rules of practice to request respectfully that the Court hold a pre-motion conference with respect to Defendants' anticipated motion for partial dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as to all claims brought under the Fair Labor Standards Act of 1938 (FLSA) which are beyond the regular two-year statute of limitations. *See* 29 U.S.C. § 255(a).[1]

      Plaintiff was employed as a laborer at a waste disposal facility operated by Defendant Omni Recycling of Babylon, Inc. for portions of 2018, 2019, and 2020. Plaintiff's Complaint alleges violations of the FLSA's overtime provisions. He claims that his employer had a policy of deducting 20 minutes per day for a meal break. According to Plaintiff, as result of this policy of deducting these 20 minutes, Plaintiff did not receive the correct amount of overtime wages owed to him in weeks where he worked over 40 hours per week. Plaintiff also raises claims brought pursuant to New York State law that are unrelated to Defendants' anticipated motion.

      Plaintiff brings the FLSA claims as a collective action. Defendants wish to move to dismiss the allegations that Defendants' actions were willful. The issue of whether Plaintiff has sufficiently

---

[1] The Court's Individual Rule of Practice III(B)(2) provide that the time to answer a complaint is stayed by requesting the pre-motion conference. Based upon this rule, Defendants believe their time is stayed with respect to all allegations in the complaint, including those that Defendants are not moving to dismiss. To the extent that the Court requires an answer to the allegations where Defendants not moving to dismiss, Defendants request that the Court set a time to answer these allegations, if one is required, and that the Court stay the time to answer these allegations, if one is required, until Court decides whether an answer is required and a date to answer these allegations.

pled willfulness has significance in determining the limitations period for the FLSA claims, particularly in issues involving the potential collective action.

The limitations period for FLSA claims is two years, "except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C. § 255(a). In paragraphs 25, 46 through 50, and 76of the Complaint, Plaintiff asserts in wholly conclusory and boilerplate terms that Defendants acted "willfully" in violation of the FLSA. There are no facts alleged as to how Defendants acted "willfully."

The Second Circuit holds that allegations of willfulness in an FLSA case must be accompanied by allegations of fact which make it plausible that Defendants acted willfully as opposed to negligently. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320 (2d Cir. 2021). In *Whiteside*, the Second Circuit upheld the district court's dismissal of a plaintiff's claims as outside the two-year statute of limitations for FLSA claims because "a plaintiff must allege facts at the pleadings stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply." *Id.* The Second Circuit first noted that *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) both require "that claims must rest on well-pleaded *factual* allegations." *Whiteside*, 995 F.3d at 321 (emphasis in original) (citing *Iqbal*, 556 U.S. at 678-80).

> The working principle underlying the first step of this analysis is the notion that a court should not accept as true allegations that amount to mere "legal conclusions," *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937, including those concerning a defendant's state of mind, *id.* at 686–87, 129 S.Ct. 1937; *see also Biro v. Conde Nast*, 807 F.3d 541, 544–45 (2d Cir. 2015).

*Whiteside*, 995 F.3d at 321. Accordingly, the Second Circuit held that "[u]nder this framework, a court need not accept as true a plaintiff's conclusory allegation that a defendant willfully violated the FLSA." *Id.* The Court further held that:

> In requiring FLSA plaintiffs to allege willfulness *plausibly*, we merely conform that obligation to the plausibility pleading regime. Whether a defendant has willfully violated the FLSA is a mixed question of law and fact on which the plaintiff carries the burden of proof. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139, 141 (2d Cir. 1999). An averment of "willfulness" is thus *precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleadings stage.

*Whiteside*, 995 F.3d at 321 (emphasis in original). The Second Circuit noted that, by congressional intent, the extension of the limitations period by one year for "willful" violations acts as a "punitive measure" for employers who are "more culpable" than others who may have violated the FLSA innocently. *Id.* at 322 (citing *Brock v. Richland Shoe Co.*, 799 F.2d 80, 84 (3d Cir. 1986), *aff'd*, *McLaughlin v. Richmond Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)). Accordingly, the Court held that:

> The mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage. Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that exception to apply. We decline to adopt a rule that would allow a claim that a complaint clearly shows to be out of time, *to proceed through discovery* upon the insertion of a single legal conclusion—indeed, a single word—into a complaint.

*Whiteside*, 995 F.3d at 323 (emphasis added).

Like in *Whiteside*, Plaintiff's allegations of willfulness here are limited to simply inserting the word "willful" or "willfully" into the allegations in the Complaint without any other facts alleged that could distinguish between a negligent violation of the FLSA and a willful violation of the FLSA. As the Second Circuit noted

> An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin*, 486 U.S. at 133, 108 S.Ct. 1677). "Mere negligence is insufficient." *Id.* That is, "if an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful." *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995) (internal quotation marks and alterations omitted) (quoting *McLaughlin*, 486 U.S. at 135 n.13, 108 S.Ct. 1677).

*Whiteside*, 995 F.3d at 324.

Accordingly, the Court should dismiss the pleadings in Defendants' favor with respect to all FLSA claims that date back longer than two years prior to the filing of the Complaint in this matter.

We thank the Court for its time and consideration.

Respectfully submitted,

*s/ Stuart Weinberger*
Stuart Weinberger

Cc via ECF: All counsel of record

SW:Omni.L121721