## GOLDBERG AND WEINBERGER LLP
Attorneys at Law

**630 Third Avenue, 18th Floor**
**New York, New York 10017**

**Lewis Goldberg (N.Y., CT. & N.J.)**  **OTHER OFFICE:**
**Stuart Weinberger (N.Y. & N.J.)**  **REDDING, CT.**

**TEL: (212) 867-9595**
**FAX: (212) 949-1857**

*Via ECF*

Honorable Joanna Seybert             January 12, 2022
United States Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    *Manzanarez v. Omni Recycling of Babylon, Inc. et al.*
             *No. 21-cv-5164(JS)(ST)*

Your Honor:

My firm represents the Defendants in the above matter. Plaintiff filed a complaint in this matter on December 22, 2021 (the "Amended Complaint"). We write pursuant to the Court's individual rules of practice to request respectfully that the Court hold a pre-motion conference with respect to Defendants' anticipated motion for partial dismissal of the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as to (1) all claims brought under the Fair Labor Standards Act of 1938 (FLSA) which are beyond the regular two-year statute of limitations (*See* 29 U.S.C. § 255(a)), (2) Count V of the Complaint, (3) the collective action under Count I and (4) the class actions under Counts II through V.[1]

Plaintiff was employed as a laborer at a waste disposal facility operated by Omni Recycling of Babylon, Inc. for portions of 2018, 2019, and 2020. Count I of his Amended Complaint alleges violations of the FLSA's overtime provisions due to an alleged policy of deducting 20 minutes of working time per day. With respect to Count I, the limitations period for FLSA claims is two years, "except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C. § 255(a). In paragraphs 57 through 59 of the Complaint, Plaintiff asserts in wholly conclusory and boilerplate terms that Defendants acted "willfully" in violation of the FLSA without any allegations as to how Defendants did so, other than to say that Defendants had been sued previously. However, the Second Circuit holds that allegations of willfulness in an FLSA case must be accompanied by allegations of fact which make it plausible that Defendants acted willfully as opposed to negligently. *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320 (2d Cir.

---

[1] The Court's Individual Rule of Practice III(B)(2) provide that the time to answer a complaint is stayed by requesting the pre-motion conference. Based upon this rule, Defendants believe their time is stayed with respect to all allegations in the complaint, including those that Defendants are not moving to dismiss. To the extent that the Court requires an answer to the allegations that Defendants are not moving to dismiss, Defendants request that the Court set a time to answer these allegations.

2021). In *Whiteside*, the Second Circuit upheld the district court's dismissal of a plaintiff's claims as outside the two-year statute of limitations for FLSA claims because "a plaintiff must allege facts at the pleadings stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply." *Id.* The Court held that

> the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage. Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that exception to apply. We decline to adopt a rule that would allow a claim that a complaint clearly shows to be out of time, *to proceed through discovery* upon the insertion of a single legal conclusion—indeed, a single word— into a complaint.

*Whiteside*, 995 F.3d at 323 (emphasis added). Just like in *Whiteside*, Plaintiff's allegations of willfulness here are limited to simply inserting the word "willful" or "willfully" into the allegations in the Amended Complaint without any other facts alleged that could distinguish between a negligent violation of the FLSA and a willful violation of the FLSA. Accordingly, the Court should dismiss all FLSA claims that date back longer than two years prior to the filing of the Complaint.

Count V alleges a violation of the New York State Labor Law NYLL for the alleged failure to pay "spread of hours pay" for each day in which Plaintiff workday consisted of 10 or more hours in a day. Defendants respectfully suggest that, even if the Court has supplemental jurisdiction over Count V, the Court should decline to exercise it. Supplemental jurisdiction exists under 28 U.S.C. § 1367, where the claims are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, the Court may also decline to exercise supplemental jurisdiction even where it is otherwise present when "the claim raises a novel or complex issue of state law," 28 U.S.C. § 1367(c)(1).

Counts V of the Amended Complaint raises a claim exclusively brought under the NYLL and its implementing regulations. Court should decline to exercise supplemental jurisdiction over this claim because, in this case, the Court will be asked to consider a "novel or complex issue of state law." 28 U.S.C. § 1367(c)(1). Defendants will assert, that as alleged in the Amended Complaint, that this case involves union members, and that the value of benefits and wage supplements Plaintiff and others received as union members, should be added to the employees' cash wage for the purpose of determining whether Defendants' spread of hours obligations have been satisfied.

In determining this spread of hours issue, one of the issues that the Court will be forced to wade into is an area that is complex and should be determined under New York law by New York Courts. The New York Commissioner of Labor issued certain regulations pursuant to his authority under the NYLL to require that an employer pay an extra hour's pay at the basic minimum wage rate for any day in which the employee works over 10 hours. 12 N.Y. C.R.R. § 142-2.4. The NYLL defines the term "wages" to include "benefits or wage supplements." NYLL § 190(1). The term "benefits or wage supplements" is defined as "reimbursement for expenses; health, welfare and retirement benefits; and vacation, separation or holiday pay." NYLL § 198-c (2). Thus, in deciding this spread of hours claim, the Court will need to determine complex factual and legal issues on

whether benefits received by employees satisfy the payment of the spread of hours.[2] These complex factual and legal issues have nothing to do with the FLSA. It would clearly be proper and appropriate for a federal court to decline supplemental jurisdiction and allow the Courts of the State of New York to take up this complex issue.

As to Count V, Plaintiff's Amended Complaint alleges that he worked in excess of 10 hours per day but was not compensated an extra hour's pay in addition to his regular wages such that the spread of hours regulation has been violated with respect to him. However, the Amended Complaint does not allege either that any other employee worked in excess of 10 hours. Nor does it allege that, if any other employee worked in excess of 10 hours, he did not receive an extra hour of pay. The Amended Complaint also does not allege what any other employee's wage rates are such that it can be determined whether they are even entitled to extra compensation under the spread of hours regulation in the first place. Defendant simply alleges in paragraph 52, in a boilerplate allegation with no factual support, that Defendants had a uniform policy not to pay spread of hours pay. Since the Plaintiff alleges no facts to support such an allegation, the Court should dismiss the allegations that Plaintiff is bringing his spread of hours claim in a representative capacity or that a class action has been alleged on the spread of hours claim. *C.f. Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 200-201 (2d Cir. 2013), *followed by DeJesus v. HF Management Services, LLC,* 726 F.3d 85, 89 (2d Cir. 2013).

Similarly, in Counts II (an overtime claim under New York law), Count III (failure to pay wages), and Count IV (failure to provide wage notices), Plaintiff has failed to allege any facts to support the allegations that other employees were subjected to the practices alleged in these counts. Other than copying the elements of a class action, the Plaintiff literally has alleged no facts regarding other employees.

Finally, for the collective action claim in Count 1, Plaintiff again has alleged no facts involving other employees. *Nakahata*, 723 F.3d at 200-201. Thus, the collective action and class claims should be dismissed.

Respectfully submitted,<br>
___*s/ Stuart Weinberger*___<br>
Stuart Weinberger

Cc via ECF:   All counsel of record

---

[2] As part of deciding this issue, this Court would be required to interpret the New York State Department of Labor in 2006, that the spread of hours provision does not apply to employees who already earn wages sufficient to cover the minimum wage required by law and the additional amount required for the spread of hours premium. *Singh v. Patel*, 2013 WL 2190153, at *2 (E.D.N.Y. May 16, 2013) (collecting cases); *see also Pichardo v. Hoyt Transportation Corp.*, 2018 WL 2074160, at *10-11 (E.D.N.Y. Jan. 31, 2018) (collecting cases) and also whether the payment of the supplemental benefits satisfies the payment of the wage for the extra hour under the spread of hours regulation.