

**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 516-671-1150
steven.moser@moserlawfirm.com

January 13, 2022

**VIA ECF**

Hon. Joanna Seybert, USDJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 117222

      Re:    *Manzanarez v. Omni Recycling Of Babylon, Inc.*
                2:21-cv-05164 (JS)(SLT)

Dear Judge Seybert:

      I represent the Plaintiff in the above referenced class and collective action. I write in response to Defendants' pre-motion letter regarding their anticipated motion to dismiss (1) all FLSA claims which arose more than 2 years prior to the filing of the complaint, (2) the state claim based upon the assertion that it presents a novel question of state law, and (3) the class action allegations.

      **Defendants' anticipated motion is a premature attempt to limit the scope and legal claims of the collective, who are not yet parties to this action.** The FLSA explicitly states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C.S. § 216(b).

      Defendants' anticipated motion seeks to preemptively limit the scope of the FLSA Collective for purposes of notice. As explained by one Court which authorized notice for a three-year period:

> [T]he statute of limitations is of concern at this stage because the limitations period for potential plaintiffs is only tolled after they 'opt-in' to the case. If the Court were to later determine that Defendants acted willfully or recklessly, then those plaintiffs whose claims arose between two and three years prior to the opt-in deadline, could find that their claims are time-barred if they are not included in the initial notice and given an opportunity to opt-in to the action as promptly as possible. Accordingly, in the interest of reaching all similarly situated potential plaintiffs, the notice should extend to those employed up to three years[.]

*Vaicaitiene v. Partners in Care, Inc.,* No. 04 Civ. 9125 (RMB) (THK), 2005 U.S. Dist. LEXIS 13490, at *22-25 (S.D.N.Y. July 6, 2005) (citations omitted). This is inconsistent with the "broad

remedial purpose of the Act, which should be given a liberal construction." *Braunstein v. E. Photographic Lab'ys, Inc.,* 600 F.2d 335, 336 (2d Cir. 1978).

Defendants' anticipated motion based upon the statute of limitations will resolve none of the claims asserted in this case. In *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021) the district court's decision regarding the affirmative defense of the statute of limitations resolved the case in its entirety. In other words, all of the Plaintiff's FLSA claims were more than two years old. *Whiteside v. Hover-Davis, Inc.*, No. 19-CV-6026 CJS, 2020 U.S. Dist. LEXIS 34740, at *11 (W.D.N.Y. Feb. 28, 2020). This case stands in stark contrast to *Whiteside* because the Defendants acknowledge that the FLSA claims are timely even if a 2 year statute of limitations is applied.

Moreover, to the extent the Defendant is asking the Court to limit the statute of limitations for the collective action members, it is asking the Court to adjudicate the rights of individuals who are not yet parties to this action and have not even received notice. *Whiteside* did not involve a collective action. The application of *Whiteside* to absent parties implicates serious due process concerns and raises jurisdictional issues, because the legal rights of the absent collective action members (non-parties) who decide to join may be preemptively limited before they even have an opportunity to be heard.

**Although Defendants have raised a creative argument, they have not raised a bona-fide issue, much less a "novel issue of state law."** As originally enacted in 1937, the Minimum Wage Act did not itself establish a minimum wage. Instead, it authorized the Commissioner of Labor—then called the Industrial Commissioner— to set minimum wages by issuing "wage orders." See Ch. 276, §§ 555-557, 1937 N.Y. Laws 779, 781-83. Under that authority, the Commissioner issued wage orders for occupations in ten industries. See N.Y.C.R.R. Official Compilation, Thirteenth Official Supp. (1961) (wage orders in effect prior to 1959).

In 1960, the Legislature significantly revised the Minimum Wage Act (the "Act") to establish a statewide hourly minimum wage for "every occupation." *See* Ch. 619, § 2, 1960 N.Y. Laws 1858, 1860. The revised law provided that every employer must pay employees in every covered occupation a minimum wage of "one dollar an hour." *Id.* This provision was amended to its current form in 1978 to require payment of a minimum wage for "each hour worked." Ch. 747, § 1, 1978 N.Y. Laws 1, 1.

The Act retained the Commissioner's broad authority to set wage standards for specific occupations through wage orders. See Ch. 619, § 2, 1960 N.Y. Laws at 1860 Pursuant to that authority, the Commissioner in 1960 adopted the Minimum Wage Order No. 11 for Miscellaneous Industries and Occupations ("Wage Order"), which is codified at 12 N.Y.C.R.R. part 142.

The Minimum Wage Order for Miscellaneous Industries and Occupations (which contains the spread of hours provision), is issued in order to interpret and enforce the provisions of Article 19, of the New York Labor Law ("The Minimum Wage Act"), and pursuant to the Commissioner's authority to set minimum wage standards under Article 19. The definition of wages in Article 19 is as follows:

> "Wage" includes allowances, in the amount determined in accordance with the provisions of this article, for gratuities and, when furnished by the employer to employees, for meals, lodging, apparel, and other such items, services and facilities.

NYLL § 651(7). This is the definition of wages applicable to actions under Article 19 and its implementing regulations. *See* NYLL § 651(limiting the application of the definition of "wages" to article 19).

Not satisfied with this statutory definition of "wages", the Defendants seeks to borrow the definition of "wages" from an entirely different Article of the New York Labor Law – Article 6, "Payment of Wages." The definition of "Wages" under Article 6 is as follows:

> "Wages" means the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis. The term "wages" also includes benefits or wage supplements as defined in section one hundred ninety-eight-c of this article, except for the purposes of sections one hundred ninety-one and one hundred ninety-two of this article.

NYLL § 190(1). However, the Defendants ignore the Plain language of NYLL § 190, which limits the application of NYLL § 190 to actions under Article 6 ("As used in this article…'wages' means…").

**Defendants' Motion to Dismiss the Class Action Allegations is Without Merit and Premature.** Defendants inadvertently concede a common policy, and a common defense to the class claims, in their request for a pre-motion conference. *See* ECF No. 15, at 2 ("Defendants will assert…that this case involves union members, and that the value of benefits and wage supplements *Plaintiff and others received as union members,* should be added to the employees' cash was for the purpose of determining whether Defendants' spread of hours obligations have been satisfied.")   Putting that aside,

> dismissing class allegations on a motion to dismiss would preempt the opportunity for discovery which is better suited for development of Plaintiff's claims, which is disfavored, since "[a]s a practical matter, the court's [certification decision] usually should be predicated on more information than the complaint itself affords." *Myers v. MedQuist, Inc.,* No. 05-4608, 2006 U.S. Dist. LEXIS 91904, 2006 WL 3751210, at *4-5 (D.N.J. 2006) (citing 5C Wright, Miller & Kane, Federal Practice & Procedure Civil 3d § 1785.3). Dismissal of class allegations at the pleading stage should be done rarely as "the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery." 2006 U.S. Dist. LEXIS 91904, [WL] at *4 (internal citations omitted) (deferring decision on class certification until "after Plaintiffs are given the opportunity to conduct discovery on class action status"); *In re Wal-Mart Stores, Inc. Wage and Hour Litigation,* 505 F. Supp. 2d 609, 614-15 (N.D. Cal. 2007); *see also Abdallah v. Coca-Cola Co.*, No. Civ.A. 1:98CV3679-RW, 1999 U.S. Dist. LEXIS 23211, 1999 WL 527835 (N.D. Ga. July 16, 1999) (dismissal of class allegations prior to discovery premature).

*Blagman v. Apple Inc.*, 2013 U.S. Dist. LEXIS 71280, at *19 (S.D.N.Y. May 20, 2013)

**Conclusion.** For the foregoing reasons, we believe that the Defendants' motion may violate the due process rights of non-parties and will result in unnecessary delay and needless consumption of judicial resources.

> Respectfully submitted,
>
> *Steven J. Moser*
> Steven J. Moser

cc: All Counsel of Record (VIA ECF)