

631-824-0200
steven.moser@moserlawfirm.com

October 21, 2022

**VIA ECF**

Hon. Steven L. Tiscione, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:    *Manzanarez v. Omni Recycling of Babylon, Inc.,* 2:21-cv-05164-ST

Dear Judge Tiscione:

I represent the Plaintiff Jose Manzanarez in the above-reference matter.

The parties jointly move for judicial approval of the annexed proposed FLSA settlement as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

## Background

Plaintiff commenced this case in September 2021 alleging violations of the FLSA and the NYLL, including Overtime Wages, Spread of Hours pay, and liquidated damages for failure to issue a hiring notice.  *See* Complaint, ECF No. 1.

The parties participated in two settlement conferences with the Court in which a settlement was reached in principle.  The parties have executed a settlement agreement, a copy of which is annexed hereto as Exhibit 1.

## The Settlement is Fair and Comports with *Cheeks*

**The settlement amount is reasonable because it exceeds the Plaintiff's potential recovery under the FLSA.**

Individual damages were calculated for Mr. Maldonado as follows:

| | |
|---|---|
| Spread of Hours Pay | 5,188.50 |
| Overtime | 3,469.80 |
| Liquidated Damages | 8,658.30 |
| Statutory Damages (NYLL 195) | 9,500.00 |
| Prejudgment Interest | 2,740.17 |
| | |
| Total | 29,556.77 |

MOSER LAW FIRM, P.C.

_____
October 21, 2022
Page 2 of 2

Under the terms of the proposed settlement, the Plaintiff will receive $30,000.00. This amount exceeds the Plaintiff's projected recovery under the FLSA/NYLL. Courts within the Second Circuit have approved FLSA settlements which are only a percentage of the total FLSA damages. *See Socias v. Vornado Realty L.P.*, No. 13-CV-2151 (RLM), 2016 U.S. Dist. LEXIS 164437, at *9 (E.D.N.Y. Nov. 3, 2016) (approving settlement where Plaintiff received 75% of FLSA damages); *Larrea v. FPC Coffees Realty Co.*, No. 15-CIV-1515 (RA), 2017 U.S. Dist. LEXIS 69166, at *6 (S.D.N.Y. May 5, 2017) (approving FLSA settlement of approximately 61% of total potential recovery); *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *2 (S.D.N.Y. Mar. 24, 2016) (approving a settlement amount of approximately 51 percent of plaintiffs' maximum recovery).

**The Agreement also complies with the Second Circuit's decision in *Cheeks*.** Here, the settlement agreement does not contain any of the provisions the Second Circuit found objectionable in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). More specifically, the agreement contains neither an overbroad general release nor a confidentiality provision. *Id.* Moreover, attorneys' fees are not greater than 1/3 of the recovery. *Id.*

Additionally, paragraph 9 of the settlement agreement calls for the outright dismissal of all claims against the individual defendant, Anthony Core, as it has been agreed that there was little to no evidence adduced during discovery which would show that Mr. Core could individually be found to be an employer for purposes of the FLSA and NYLL. The parties have agreed that the Complaint should be deemed amended to remove Mr. Core's name as an individual defendant and that the Clerk of the Court should be directed to remove his name from the docket. Accordingly, the parties respectfully request that the Court enter an appropriate order to that effect and, following that, thereafter approve the settlement between the remaining parties.

### **Conclusion**

In full consideration of the issues presented in *Cheeks*, we believe that the Parties' agreement is fair and reasonable and ask that the settlement should be approved.

Respectfully submitted,

Steven John Moser

CC:   All Counsel of Record (Via ECF)